IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEE HOW OAK TIN NATIONAL BENEVOLENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GEE HOW OAK TIN ASSOCIATION OF NORTH AMERICA, INC., et al.,<br><br>Defendants. | Case No.: C-12-05855 JCS<br><br>**ORDER DENYING DEFENDANT GEE HOW OAK TIN ASSOCIATION OF NORTH AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I. INTRODUCTION

Plaintiff Gee How Oak Tin National Benevolent Association ("Plaintiff" or "GHOTNBA") brought this action against Defendants Gee How Oak Tin Association of North America, Inc. ("Defendant" or "GHOTANA")[1], Oakland Gee How Oak Tin Association ("Oakland GHOT"), Gee How Oak Tin – dba Gee How Oak Tin Stockton ("Stockton GHOT"), Gee How Oak Tin – dba Gee How Oak Tin Los Angeles ("Los Angeles GHOT"), Gee How Oak Tin Associates, Inc. ("Chicago GHOT"), and Gee How Oak Tin Association of New England, Inc. ("New England GHOT") alleging causes of action for trademark infringement, dilution of famous mark, unfair competition, and trade name infringement. Presently before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"). The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). The March 22, 2013

---

[1] For ease of reference, the Court will refer to GHOTANA as Defendant in this Order because GHOTANA alone seeks dismissal for lack of personal jurisdiction.
[2] Plaintiff makes no argument that the exercise of general jurisdiction is proper.
[3] Because these actions are a sufficient basis for specific jurisdiction, the Court need not resolve whether Defendant

hearing is vacated, and the time of the case management conference is changed to 1:30 p.m. on that date.  For the reasons set out below, the Motion is DENIED.

## II.    PRELIMINARY MATTERS

### A.    Evidentiary Objections

#### 1.    Declaration of Chen Xi Qiu

Defendant objects to portions of the Declaration of Chen Xi Qiu ("Chen Declaration") on the basis of lack of personal knowledge, lack of foundation, and hearsay.  First, Defendant asserts that Chen lacks personal knowledge that, on or about April 27, 2011, the San Francisco Chapter of Gee How Oak Tin ("San Francisco GHOT") received an invitation to participate in Defendant's first annual convention.  Federal Rule of Evidence 602 prohibits testimony on a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Chen attested to his personal knowledge and identified himself as the current Vice President of the San Francisco GHOT.  This objection is overruled.

Second, Defendant objects to the attachment of the invitation as Exhibit 1 to the Chen Declaration on the bases of improper authentication and hearsay.  Federal Rule of Evidence 901 requires a proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  This may be accomplished by testimony of a witness with knowledge.  Fed. R. Evid. 901(b)(1).  Chen, who has personal knowledge, attested that the document is a true and correct copy of the complete invitation.  This is sufficient.  Hearsay is "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  To the extent the invitation is offered to prove the truth of matters asserted therein, the Court does not rely on it.

Third, Defendant objects to Chen's statement that "[i]t is [his] understanding that this invitation was mailed to every Gee How Oak Tin chapter that was affiliated/authorized by the Plaintiff" as lacking foundation as to Chen's personal knowledge and potentially relying on inadmissible hearsay.  Chen does not identify any basis for his knowledge, so the Court may not consider this statement.

//

### 2. Declaration of Anthony Chan

Defendant objects to portions the Declaration of Anthony Chan ("Anthony Chan Declaration") on the basis of lack of personal knowledge, lack of foundation, and hearsay. First, Defendant asserts that Anthony Chan has not established personal knowledge sufficient to provide foundation for his statement regarding a news article attached as Exhibit 1. Second, Defendant contends that the news article is inadmissible on the basis of improper authentication and hearsay. The Court does not rely on the news article, so it does not reach these objections.

Third, Defendant objects to Anthony Chan's statement that he received a telephone call from one of his organization's elders who reported that the defendant member organizations had elected to withdraw from Plaintiff and would be holding a meeting in Los Angeles to discuss the formation of a new parent organization. This is hearsay that does not fall into any hearsay exception. The Court may not consider it.

### 3. Declaration of Robert Bodzin

Defendant objects to four exhibits attached to the Declaration of Robert Bodzin ("Bodzin Declaration"), Plaintiff's attorney. Two of the exhibits were those attached to the Chen Declaration and the Anthony Chan Declaration. The Court will consider those Exhibits only to the extent discussed above. The Court does not rely on their inclusion in the Bodzin Declaration.

The remaining two exhibits consist of a combined four newspaper articles. The Court does not address Defendant's objections to these Exhibits because it does not rely on these articles in resolving this Motion.

### B. Request for Judicial Notice

Plaintiff requests judicial notice of four documents: (1) the September 12, 2010 announcement; (2) the September 24, 2010 news article; (3) the April 27, 2011 invitation; and (4) the April 2011 news article from New England GHOT's website. Each of these documents is also submitted as an exhibit to one or more of the declarations submitted by Plaintiff. Defendant objects to the request for judicial notice. Reply, 7-8.

The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute,"

either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination to sources whose accuracy cannot reasonably be questioned." Plaintiff has not explained how any of the documents meet this standard. The Court does not take judicial notice of any of these documents.

## II.     BACKGROUND

### A.     Facts

Plaintiff is a corporation organized and existing under the laws of California with its principal place of business in San Francisco, California. Complaint, ¶ 1. Plaintiff first adopted and used the trade name "Oak Tin Benevolent Association" in 1918 to identify their association and distinguish them from societal organizations formed and operated by others. *Id*. at ¶ 11. In 1952, Plaintiff adopted and used the monikers "Gee How Oak Tin National Benevolent Association" and "Gee How Oak Tin Benevolent Association." *Id*. at ¶ 12. Plaintiff registered "Gee How Oak Tin" and "Gee How Oak Tin Benevolent Association" as their trademarks on October 19, 2010. *Id*. at ¶¶ 13-14.

Plaintiff works to perpetuate the teachings of former Chinese Emperor Shun, and seeks to unite all descendants of the Chan, Woo, and Yuen families and to foster the educational, social, and philanthropic activities of Chinese people in the United States. *Id*. at ¶¶ 10, 12. Plaintiff operates its non-profit through its national association and exercises jurisdiction over authorized local chapters. *Id*. at ¶ 16. Oakland GHOT, Stockton GHOT, Los Angeles GHOT, Chicago GHOT, and New England GHOT all formerly acted as Plaintiff's authorized local chapters. *Id*. at ¶ 18. In this role, they paid dues, were allowed to operate specific clubs designated by Plaintiff, could have one of their members serve as one of Plaintiff's directors, elected Plaintiff's national executive officers, and could make proposals and vote at Plaintiff's national convention. *Id*. Plaintiff paid for all traveling expenses, meals, and accommodations for local chapter delegates attending national conventions. *Id*.

Defendant is a corporation organized and existing under the laws of Massachusetts with its principal place of business in Boston, Massachusetts. *Id*. at ¶ 2. Defendant was incorporated on June 1, 2010. Declaration of Paul Chan in Support of Motion to Dismiss ("Paul Chan Declaration"), ¶ 3, Ex. 1. Plaintiff alleges that Defendant was formed to serve as a national association for Oakland GHOT, Stockton GHOT, Los Angeles GHOT, Chicago GHOT, and New England GHOT.

4

Complaint, ¶¶ 19, 36. Defendant's bylaws, dated August 13, 2011, list Chicago GHOT, Los Angeles GHOT, New England GHOT, Oakland GHOT, Stockton GHOT, the New Orleans Gee How Oak Tin Association, and the Suen Yue Family Associations of San Francisco and New York as its founding members. Declaration of Paul Chan, Ex. 2. The bylaws state that Defendant's primary activities are operating a bi-annual national convention hosted by one organizational member, operating a Liaison and Coordination Office, and facilitation of other joint activities. *Id*. Defendant's National President is selected at the bi-annual convention by the host member association. *Id*. Defendant's National Vice President is also selected at the bi-annual convention, but by the host of the next convention. *Id*. Other officers are supplied by New England GHOT. *Id*. Defendant describes itself as a loosely organized association formed to hold conventions from time to time between its affiliated associations: New England GHOT, Oakland GHOT, Stockton GHOT, Los Angeles GHOT, and Chicago GHOT. *Id*. at ¶ 39. Each of the affiliated entities operates independently in all respects. *Id*. Defendant has no involvement in or control over the affiliated organizations affairs in their own respective communities, none of the California affiliates are Defendant's subsidiaries, and Defendant has not authorized or ratified any conduct by the California affiliates. *Id*. at ¶¶ 38-39.

As a result of the split, Plaintiff revoked authorization to use its trademarks and prohibited the local chapters from attending Plaintiff's future activities. *Id*. at ¶ 22. Plaintiff alleges, on information and belief, that each defendant continues to use the "Gee How Oak Tin" moniker as their business name, on promotional materials, and in social media. *Id*. at ¶¶ 25-26. Plaintiff alleges that this deprives it of the value of its trademarks and allows each defendant to reap inappropriate profits. *Id*. at ¶¶ 27-28.

Defendant states that (1) its principal place of business, and only office, is in Boston, Massachusetts; (2) its officers and directors control and coordinate corporate activity from the office in Boston; (3) it has no plan or intention to open an office in California; (4) it has no telephone number, listing, or mailing address in California; (5) it is not registered with the California Secretary of State and has no license to do business in California; (6) it has no license to do business in California; (7) it has no agent for service of process in California; (8) it does not own, lease, or possess any interest in real or personal property in California; (9) it does not own any assets or

1  maintain any bank accounts in California; it does not pay taxes in California; (10) it does not market,
2  advertise, or otherwise solicit any goods or services in any California-based television, radio, internet,
3  or print media of any kind; (11) it does not engage in any political activity in California; (12) it does
4  not generate any income or solicit any donations from California or any other state; (13) any of its
5  expenses are reimbursed by individual affiliated organizations; (14) it does not operate or maintain
6  any website or internet domain; (15) it does not operate or endorse any social media website account
7  on its behalf, such as a Facebook, Twitter, or LinkedIn account; (16) it has never consented to litigate
8  any matter in California; and (17) all relevant records are located in the Boston area.  Paul Chan
9  Declaration, ¶¶ 25-41.

10  In September 2010, two months after Defendant was formed, a meeting was convened in Los
11  Angeles, California.  Supplemental Declaration of Paul Chan, ¶ 4.  As a result of the meeting, on
12  September 12, 2010, Defendant's local affiliates Los Angeles GHOT, Stockton GHOT, Oakland
13  GHOT, Chicago GHOT, New Orleans GHOT, and New England GHOT, all founding members,
14  placed and paid for an announcement.  *Id*. at ¶¶ 3-4; Paul Chan Declaration, Ex. 2.

15  In April 2011, New England GHOT sent "to whom it may concern" letters to, at a minimum,
16  the San Francisco GHOT and the Calgary, Canada, Gee How Oak Tin Association ("Calgary
17  GHOT").  Chen Declaration, ¶ 3, Ex. 1; Complaint, Ex. D.  The letter invites the recipient to the
18  Defendant's First National Convention, which it states will be held on Saturday, August 13, 2011 in
19  Boston.  Chen Declaration, Ex. 1; Complaint, Ex. D.  Defendant's First National Convention was held
20  in Boston on August 12 and 13, 2011.  Paul Chan Declaration, ¶ 8.  Defendant asserts that New
21  England GHOT was solely responsible for organizing and hosting the convention.  *Id*.; Supplemental
22  Declaration of Paul Chan, ¶ 7.  Paul Chan declares that he personally prepared the invitations pursuant
23  to his work as chair of the coordination committee formed by New England GHOT.  Supplemental
24  Declaration of Paul Chan, ¶ 7.  In the letter itself, "Paul K. Chan & Chet Chan" sign the letter as
25  "Chair and Vice Chair of the Convention Steering Committee, GHOT of North America, Inc. & on
26  behalf of all members of the GHOT of New England."  Chen Declaration, Ex. 1.  Defendant concedes
27  that the invitation advised attendees interested in attending a four day tour to Canada to make a check
28

1  payable to Defendant.  Supplemental Declaration of Paul Chan, ¶ 8.  No such payments were made,

2  because the event was slow to book so attendees ended up dealing directly with the travel agency.  *Id*.

3    **B.**  **Motion to Dismiss**

4    Defendant argues that it lacks minimum contacts with the state of California.  First, Defendant

5  argues that it does not have systematic and continuous contacts with California sufficient to support

6  general jurisdiction.  *Id*. at 9-10.  Next, Defendant contends that it does not have sufficient contact to

7  support specific jurisdiction.  *Id*. at 11-20.

8    Defendant asserts that it has not purposefully availed itself of, or directed activities towards,

9  California.  *Id*. at 11-16.  Defendant states that there is no evidence to establish that it took any action.

10  Defendant contends that, to the extent Plaintiff's allegations regarding social media and promotional

11  materials can be read to apply to Defendant, those allegations are inaccurate.  *Id*. at 13.  Moreover, the

12  invitation attached to the Complaint was sent by New England GHOT to a recipient in Canada.  *Id*. at

13  13 (citing Complaint, Ex. D).  Even if Plaintiff could show an intentional act, Defendant argues that it

14  can provide no evidence that any of the conduct was aimed at California or at Plaintiff.  *Id*. at 13-16.

15  Defendant also contends that it did not contemplate, intend, or expect that any harm would arise in

16  California from its use of the Gee How Oak Tin name.  *Id*. at 16 (citing Paul Chan Declaration, ¶ 39).

17    Defendant argues that Plaintiff's claims do not arise out of Defendant's forum-related

18  activities.  *Id*. at 17.  Defendant states that it has taken no action in California.  *Id*.  Defendant asserts

19  that whether it has some tangential relation to the other defendants located within California does not

20  create a substantial connection with California or otherwise constitute activity by Defendant in

21  California.  *Id*.

22    Balancing the seven factors, Defendant contends that exercise of personal jurisdiction in

23  California would be unreasonable.  *Id*. at 17-20.  As to the factors, Defendant states:  (1) the lack of

24  purposeful interjection into California weighs heavily against exercising jurisdiction; (2) exercise of

25  jurisdiction in California would pose an enormous economic hardship to Defendant, a small non-

26  profit operating in Boston with no income and limited financial means; (3) Massachusetts'

27  sovereignty concerns are not implicated, rendering the third factor neutral; (4) California has no

28  compelling interest in adjudicating the dispute because Plaintiff has not identified harmful conduct on

the part of Defendant and Defendant does no business in California; (5) each forum is equally efficient for resolution because witnesses are in both California and Massachusetts and, in any event, modern advances in communication and transportation make the factor less important; and (6) California is not necessary to provide convenient and effective relief because (7) Massachusetts presents an available alternative forum. *Id*.

### C.    Opposition

Plaintiff argues that the exercise of specific jurisdiction over Defendant is proper.[2] First, Plaintiff contends that Defendant purposefully availed itself to the privilege of conducting activities in California. *Id*. at 6-8. Plaintiff asserts that, through the course of conduct above, Defendant committed numerous intentional acts in or directed at California with the purpose of infringing on Plaintiff's trademark. *Id*. at 6-7. Plaintiff states that three of its former California members are now members of Defendant as a result of Defendant's activity. *Id*. at 7-8 (citing *Mattel, Inc. v. MCA Records, Inc.*, 28 F.Supp.2d 1120, 1127 (C.D. Cal. 1998)). Plaintiff argues that it would not have been injured, but for the Defendant's activities under the "Gee How Oak Tin" name. *Id*. at 8. Plaintiff asserts that this harm occurred in California, where it is based. *Id*. at 8-9. In addition, Plaintiff argues that a suit must be allowed because the alleged infringement will have an impact on its reputation in multiple states. *Id*. at 9.

Second, Plaintiff asserts that the seven reasonableness factors favor the exercise of jurisdiction. *Id*. at 9-13. In order, Plaintiff contends:  (1) Defendant purposefully interjected itself into California by attending the Los Angeles meeting and inviting the California Gee How Oak Tin chapters to join its organization; (2) Defendant would face a minimal burden defending the suit in California as it has constantly travelled to California and communicated with its California business partners since its inception in 2010; (3) Defendant concedes that Massachusetts's sovereignty interest is minimal; (4) California has a strong interest in adjudicating a dispute where a California corporation is tortuously injured by an out-of-state Defendant; (5) California is the most efficient forum to resolve this dispute because Defendant's actions are highly intertwined with the local chapters that do not contest personal jurisdiction, including the California-based local chapters; (6) the

---

[2] Plaintiff makes no argument that the exercise of general jurisdiction is proper.

1  California forum is important because it will allow the entire dispute, including the defendants that
2  have not objected to personal jurisdiction, to be resolved in one action; and (7) the existence of an
3  alternative forum for Plaintiff's dispute with Defendant does not weigh in favor of reasonableness
4  because dismissing only Defendant would result in significant inefficiencies should two substantially
5  similar actions go forward against different defendants. *Id*. at 9-13.

### D. Reply

Defendants argue that the Opposition relies on mischaracterizations of inadmissible evidence. Reply in Support of Motion to Dismiss ("Reply"), 1. Assuming its evidentiary objections fail, Defendant argues that the evidence submitted by Plaintiff is insufficient to show purposeful availment. *Id*. at 10-11. First, Defendant asserts that the Los Angeles meeting in September 2010 was called by Los Angeles GHOT. *Id*. at 10 (citing Supplemental Declaration of Paul Chan, ¶ 4). That meeting did not involve any intent to usurp the Gee How Oak Tin name, because Defendant had already been formed before the Los Angeles meeting was held. *Id*. (citing Supplemental Declaration of Paul Chan, ¶ 5). Second, Defendant contends that the invitations to the 2011 Boston convention were sent on behalf of New England GHOT by its then-President, Paul Chan. *Id*. (citing Supplemental Declaration of Paul Chan, ¶ 7). At that time, Paul Chan was neither an officer nor director of Defendant. *Id*. (citing Supplemental Declaration of Paul Chan, ¶ 7). Moreover, although the invitation states that checks for the excursion to Canada should be made payable to Defendant, no such checks were submitted because people were slow to sign up and ultimately paid the travel agency directly. *Id*. (citing Paul Chan Declaration, ¶ 8).

Defendant argues that *Mattel*, on which Plaintiff relies, is distinguishable because there is no evidence of any agreement between Defendant and the other five defendants. *Id*. (citing *Mattel*, 28 F.Supp.2d at 1127-1128). Defendant asserts that it is conceptually a loosely organized association or alliance of affiliates. *Id*. The local affiliates operate entirely independently of each other and of Defendant. *Id*. (citing Supplemental Declaration of Paul Chan, ¶ 6).

Should Defendant's Motion be granted, Defendant states that the remaining defendants would stipulate to jurisdiction in a Massachusetts district court. *Id*. at 14.

//

9

## IV. ANALYSIS

### A. Personal Jurisdiction Legal Standard

The burden is on the plaintiff to show that personal jurisdiction exists over every particular defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where the court does not hold an evidentiary hearing but decides issues of jurisdiction based upon the pleadings and supporting affidavits, the plaintiff need only make a prima facie case, and the court presumes that uncontroverted facts set forth therein are provable. *Unocal*, 248 F.3d at 922 (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000). Factual conflicts that arise in the parties' affidavits must be resolved in the plaintiff's favor. *Unocal*, 248 F.3d at 922 (quoting *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). Thus, "plaintiffs 'need *only* demonstrate facts that *if true* would support jurisdiction over the defendant.'" *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (quoting *Unocal*, 248 F.3d at 922).

Under California's long-arm statute, federal courts in California may exercise jurisdiction to the extent permitted by the Due Process Clause of the Constitution. *Panavision v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988); Cal. Code. Civ. Proc. § 410.10. The Due Process Clause allows federal courts to exercise jurisdiction where either: (1) the defendant has had continuous and systematic contacts with the state sufficient to subject him or her to the general jurisdiction of the court; or (2) the defendant has had sufficient minimum contacts with the forum to subject him or her to the specific jurisdiction of the court. *Panavision*, 141 F.3d at 1320.

### B. General Jurisdiction

General jurisdiction is found where the defendant's contacts with the forum are so substantial or continuous and systematic that the defendant can expect to be haled into court there, even if the action is unrelated to its contacts. *Bancroft*, 223 F.3d at 1086 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Factors a court considers in determining whether general jurisdiction exists include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for

1 service of process, holds a license, or is incorporated there." *Id*. (citing *Hirsch v. Blue Cross, Blue
2 Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986)).

3 Here, Plaintiff puts forward no argument that the exercise of general jurisdiction over
4 Defendant is proper. This Court does not have general jurisdiction over Defendant.

### C. Specific Jurisdiction

Courts apply a three-part test in determining whether specific jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Panavision*, 141 F.3d at 1320 (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (quotation marks omitted)). The plaintiff bears the burden of satisfying the first two prongs. If the plaintiff does so, then the burden shifts to the defendant to prove that exercise of jurisdiction would not be reasonable. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). As discussed below, the Court concludes that the exercise of specific jurisdiction in California is proper.

#### 1. Purposeful Availment or Purposeful Direction

To satisfy the first prong of the test for specific jurisdiction, a defendant must have either purposefully availed itself of the privilege of conducting business activities within the forum or purposefully directed activities toward the forum. *Panavision*, 141 F.3d at 1320. Purposeful availment typically consists of action taking place in the forum that invokes the benefits and protections of the laws of the forum, such as executing or performing a contract within the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). To show purposeful availment, a plaintiff must demonstrate that the defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

Purposeful direction exists when a defendant has committed an act outside of the forum state that was intended to and does in fact cause injury within the forum. *Calder v. Jones*, 465 U.S. 783, 788-789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). A purposeful direction analysis is most often used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 1093. In this matter, Plaintiff asserts claims for trademark infringement and dilution, which are generally characterized as sounding in tort. *See Levi Strauss & Co. v. Toyo Enterprise Co., Ltd.*, 665 F.Supp.2d 1084, 1093 (N.D. Cal. 2009) (citing *Panavision*, 141 F.3d at 1322). Under the *Calder* "effects test" the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) that causes harm the defendant knows is likely to be suffered in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)).

The Court concludes that this element is met. Defendant adopted and continues to use the "Gee How Oak Tin" corporate name, knowing that Plaintiff used the same name and that Plaintiff resided in California. In addition, Defendant adopted bylaws that expressly target California to the foreseeable detriment of Plaintiff. Defendant purposefully directed its conduct at California.[3]

### a. Intentional Act

The intentional act element is satisfied where the defendant performs an act with the intent to perform an actual, physical, act. *Brayton*, 606 F.3d at 1128. The defendant need not have the intent to accomplish a result or consequence of the act. *Id*. Here, Defendant engaged in at least two intentional acts.

First, upon formation, Defendant took the name "Gee How Oak Tin Association of North America, Inc." *See* Paul Chan Declaration, Exs. 1 and 2. Defendant continues to identify itself with that name. Complaint, ¶ 25. Second, Defendant adopted bylaws at its first national convention. Paul Chan Declaration, Ex. 2.

//

//

---

[3] Because these actions are a sufficient basis for specific jurisdiction, the Court need not resolve whether Defendant invited, or authorized any of its affiliates to invite, any of Plaintiff's affiliates to attend Defendant's first national convention.

### b.     Express Aiming

The defendant's conduct must be expressly aimed at the forum to satisfy the second part of the effects test. *Brayton*, 606 F.3d at 1130. The Ninth Circuit has emphasized that "'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction, … and that 'something more' means conduct expressly aimed at the forum." *Id*. at 1129 (internal citations omitted).

Here, Defendant's intentional acts were expressly aimed at California. First, as discussed above, Defendant adopted and continues to use the "Gee How Oak Tin" name. Defendant's founding members included only Chicago GHOT, Los Angeles GHOT, New England GHOT, Oakland GHOT, Stockton, GHOT, New Orleans GHOT, and the Suen Yue Family Associations in San Francisco and New York. *Id*. at Ex. 2. Plaintiff's make the uncontroverted allegation that each of the first five members were members of Plaintiff's organization, "Gee How Oak Tin National Benevolent Association," prior to Defendant's formation. Complaint, ¶¶ 18-20. Therefore, Defendant's founders knew or should have known that they were adopting Plaintiff's – and therefore a California corporation's – trade name.

Defendant uses Plaintiff's mark in direct competition with Plaintiff. Plaintiff, among other activities, hosts tri-annual national conventions in cities throughout the United States to promote its organization. Complaint, ¶¶ 17, 19. Defendant's primary activities, as stated in its bylaws, are "(1) National Convention; (2) Liaison and Committee Office; & (3) Facilitation of other joint activities." Paul Chan Declaration, Ex. 2. Defendant states that it was "formed to hold national conventions from time to time between [the other five defendants in this action,]" three of which are located in California. *Id*. at ¶ 39. Defendant does not dispute that it has held one national convention. *Id*. at ¶ 43, Ex. 2. Defendant's use of Plaintiff's mark, in direct competition with Plaintiff for recognition and membership, a known California entity with several remaining California local chapters, expressly targeted Plaintiff. This course of alleged tortious conduct was expressly aimed at California. *See Brayton*, 606 F.3d at 1129-1131 (holding that the express aiming element was satisfied where defendant knew of plaintiff's existence, targeted plaintiff's business, and entered direct competition with plaintiff); *Panavision*, 141 F.3d at 1322 (scheme to register the plaintiff's trademarks as domain

names for the purpose of extorting money from plaintiff had the effect of injuring the corporate plaintiff in its principal place of business, satisfying the elements of the "effects test"); *see also eAdGear, Inc. v. Liu*, 2012 WL 2367805, at *7 (N.D. Cal. June 21, 2012) (defendants expressly aimed their tortious conduct at California where both plaintiff and defendants offered online advertising services and defendants, knowing plaintiff was a California corporation, violated plaintiff's trademark by posting negative statements and confusing consumers as to the origin of defendants' services, causing harm to plaintiff in California).

Second, Defendant adopted its bylaws at its first national convention. The bylaws anticipate that bi-annual national conventions will be held at the location of each of Defendant's local affiliates, including in California. Paul Chan Declaration, Ex. 2. Defendant's leadership for the following term will be appointed at each convention. *Id*. The President will be chosen by the host member association, and the Vice President is selected by the host of the proximate national convention. *Id*. Defendant's only activities articulated in the bylaws involve coordination joint activities between its member organizations. Half of Defendant's founding membership is located in California. As such, Defendant's adoption of these bylaws was expressly aimed at conducting future national conventions in California and coordinating activities with California affiliates. Moreover, the effect of this act would be to facilitate competition with Plaintiff, particularly in California.

### c.  Foreseeable Harm

The third element of the *Calder* "effects" test requires the defendant's intentional act to have foreseeable effects in the forum. *Brayton*, 606 F.3d at 1131. "[T]his element does not require that the bulk of the harm be suffered in the forum, … [it] may be established even if 'the bulk of the harm' occurs outside the forum." *Id*. In determining the foreseeable harm to a corporation, economic harm can be suffered both where the bad acts occurred and where the corporation has its principal place of business. *Mavrix*, 647 F.3d at 1231. Here, Plaintiff alleges that Defendant's use of the Gee How Oak Tin name has deprived it of the value of its trademarks, impaired the distinctiveness of its trademark, and will generally mislead the public into believing that Defendant's businesses and organizations are identical to and affiliated with Plaintiff.

As discussed above, Defendant's adoption of the "Gee How Oak Tin" name, its continued use of that name, and its adoption of bylaws all facilitated Defendant's competition with Plaintiff, particularly in California. That Plaintiff, a California corporation, would suffer the alleged harms in California as a result of Defendant's targeting was a foreseeable result of Defendant's conduct. In addition, Plaintiff continues to operate several other local chapters in California. Defendant's competing use of Plaintiff's trademarked name foreseeably interferes with Plaintiff's trademark as to those organizations.

### 2. Claim Arises out of Forum-Related Activities

The second prong of the test for specific jurisdiction requires that the claim be one that arises out of or relates to the defendant's activities in the forum. *Panavision*, 141 F.3d at 1320. This requires a showing of "but for" causation. *Id*. at 1322.

As noted above, Plaintiff alleges that Defendant's use of the Gee How Oak Tin name has deprived it of the value of its trademarks, impaired the distinctiveness of its trademark, and will generally mislead the public into believing that Defendant's businesses and organizations are identical to and affiliated with Plaintiff. Defendant's contacts with the forum are infringement on Plaintiff's business name and the adoption of bylaws that serve to facilitate competition with Plaintiff in California. Without these infringing actions, Defendant would not have caused Plaintiff to suffer the alleged harm. Accordingly, the Court concludes that the second requirement for specific jurisdiction is satisfied.

### 3. Reasonableness of Exercise of Jurisdiction

The third prong of the test for specific jurisdiction provides that the exercise of jurisdiction must comport with fair play and substantial justice. *Panavision*, 141 F.3d at 1320. To determine whether the exercise of jurisdiction over a non-resident defendant comports with fair play and substantial justice, a court must consider seven factors:

> (1) the extent of the defendant['s] purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant['s] state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to

the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1487-1488 (9th Cir. 1993).  There is a presumption that the exercise of jurisdiction is reasonable when the first two prongs of the specific jurisdiction test have been met.  *See Schwarzenegger*, 374 F.3d at 802 (stating that after the plaintiff meets his burden to satisfy the first two prongs, the burden shifts to the defendant to present a "compelling case" that jurisdiction is unreasonable).  The Court concludes that jurisdiction is reasonable in this case because Defendant has not presented a compelling case that the exercise of jurisdiction is unreasonable.  As discussed below, California has a strong interest in adjudicating this claim and Defendant has not shown that it would be burdened by defending the case in California.  Even though an alternative forum exists and the record of Defendant's purposeful interjection is limited, the factors weigh in favor of jurisdiction in California on balance.

First, "[e]ven if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong."  *Core-Vent*, 11 F.3d at 1488 (concluding that the factor weighed in favor of the party objecting to personal jurisdiction, but it did not weigh heavily in their favor given the court's conclusion that the purposeful availment prong was met).  Plaintiff has not produced evidence of the extent to which Defendant's interjection has interfered with their trademark.  Even so, given Defendant's purposeful direction of its activities at California, this factor weighs, at most, slightly in favor of Defendant.

Second, while there is some burden on Defendant, a Massachusetts corporation, to litigate in California, the inconvenience is not so great as to deprive them of due process.  *See Panavision*, 141 F.3d at 1323 ("A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction'").  Indeed, the record indicates that Defendant is a national organization whose membership includes three California local affiliates out of an apparent total of five or six local affiliates.  Although Defendant asserts that its relationship with local affiliates is very loose, its bylaws demonstrate that one of its primary activities, hosting a

16

bi-annual national convention, is delegated to a rotating local affiliate. That same local affiliate will appoint Defendant's new President. The host of the subsequent national convention will appoint the incoming Vice President. Therefore, the bylaws indicate that Defendant delegates a substantial amount of authority to the local level and has substantial interplay with its California affiliates. This factor weighs in favor of California's exercise of jurisdiction.

Third, personal jurisdiction is disfavored where it potentially creates a conflict with the sovereignty of another state. Defendant concedes that the exercise of jurisdiction by a federal court in California does not implicate the sovereignty concerns of Massachusetts. There is nothing in the record to contradict this concession. Therefore, this factor favors the exercise of jurisdiction in California. *See CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2007).

Fourth, the forum state has a strong interest in adjudicating this dispute. Plaintiff is a California corporation. Plaintiff claims to have suffered damage as a result of Defendant's use of its trademark, including in a mailing to one of Plaintiff's local chapters in California. Because of the potential damage to a California based corporation, occurring in California, California has an interest in adjudicating the dispute.

Fifth, consideration of the most efficient judicial resolution is no longer weighed heavily given the modern advances in communication and transportation. Both parties agree, in their briefs, that relevant evidence and witnesses are located in California and Massachusetts. Defendant has submitted declarations that all non-Massachusetts defendants would stipulate to personal jurisdiction in Massachusetts for this suit. Therefore, this factor is neutral.

Sixth, with respect to the importance of the forum to Plaintiff's interest in convenient and effective relief, courts generally give little weight to Plaintiff's inconvenience. Here, a forum is available in Massachusetts. Aside from concerns regarding fragmentation of the litigation, which Defendant has addressed by stipulation, Plaintiff has not provided evidence that it would be costly or inconvenient to litigate in Massachusetts. Accordingly, this factor is neutral.

Seventh, Defendant has demonstrated that Massachusetts would provide an alternative forum for relief where all defendants in this action would consent to personal jurisdiction. Therefore, this factor weighs against exercise of jurisdiction in California.

## VI. CONCLUSION

For the foregoing reasons, the Motion is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge